UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARAH ADAMS, an Incapacitated Person, by her Legal Guardian Yanixa Rosado, and YANIXA ROSADO, individually,

                              Plaintiffs,

-v-

JUAN J. PILARTE, M.D., THE BRONX LEBANON HOSPITAL CENTER, MONTEFIORE MEDICAL CENTER, ORGANON USA INC., ORGANON PHARMACEUTICALS, USA INC., ORGANON INTERNATIONAL, INC. SCHERING-PLOUGH CORPORATION AND MERCK & COMPANY, INC.,

                              Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 22, 2018

18-cv-2517 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

On or about November 22, 2011, Sarah Adams brought this medical malpractice action in the Bronx Supreme Court, suing multiple defendants for negligence in prescribing a NuvaRing and subsequently failing to diagnose and treat significant complications of the device.[1] After the state court granted summary judgment to several of the defendants, Montefiore Medical Center ("Montefiore") removed the action to this Court, claiming that since it was an

---

[1] Plaintiff Yanixa Rosado was appointed legal guardian of Sarah Adams on or about July 30, 2012 and the caption was subsequently amended to reflect this; Rosado, did not, however, amend the complaint with any individual claims.

employee of the United States government, the Federal Tort Claims Act provided the exclusive remedy with respect to plaintiff's claims against Montefiore.

Montefiore now moves to substitute the United States as defendant and to dismiss the case for lack of jurisdiction (ECF No. 6); plaintiffs cross-move to remand to state court.

Because the Court finds that removal was proper and that plaintiff has failed to exhaust its administrative remedies, the Court GRANTS defendant's motion and DENIES plaintiffs' cross-motion.

I. FACTUAL BACKGROUND

The factual allegations discussed below are drawn from the Complaint (ECF No. 1-1) and assumed true for the purposes of this decision.

In or about March 2010, Sarah Adams was prescribed a contraceptive device, known as a NuvaRing, from her school health clinic at the Dewitt Clinton High School in the Bronx. (ECF No. 1-1, Compl. ¶¶ 34, 38.) The school health clinic was owned and operated by Montefiore as part of the "Montefiore School Health Program." (Id. ¶ 22.) In May 2010, Adams returned to the clinic citing shortness of breath, chest pain, and heart palpitations, as well as from her primary physician. She subsequently sought treatment from her doctor and at the emergency room of the Bronx Lebanon Hospital Center. (Id. ¶¶ 35–40.)

On June 8, 2010, Adams collapsed after suffering bilateral pulmonary emboli that caused a cardiac arrest. (Id.) Though she was eventually revived, she was permanently brain damaged. (Id.)

On or about November 22, 2011, Adams brought suit for, <u>inter alia</u>, negligence. The suit proceeded in state court over a period of years; summary judgment was granted to several of the defendants, but denied to Montefiore, on August 11, 2016. (ECF No. 1-3.) On March 15, 2018, Geoffrey S. Berman, United States Attorney for the District of New York, certified that Montefiore was acting within the scope of its employment during the relevant period. (ECF No. 1, Ex. B.) Accordingly, Montefiore removed the action to federal court on March 21, 2018, claiming that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680, provided the exclusive remedy with respect to plaintiff's claims against Montefiore. (ECF No. 1.)

II. LEGAL PRINCIPLES

<u>Federal Tort Claims Act</u>

The FTCA waives sovereign immunity for certain classes of tort claims and provides that federal district courts shall have exclusive jurisdiction over damages claims against the United States for, <u>inter alia</u>, "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

1. <u>Certification & Removal</u>

"In instances where a tort action is brought against a federally funded public health center . . . for conduct within the scope of its federal employment, the Attorney General (or . . . one of its designees) may certify that the health center was

3

indeed acting as a federal employee at the time of the incident." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005).

Once a health center is so certified, it may be removed to federal court. 28 U.S.C. § 2679(d)(2). The certification is prima facie proof that the employee was acting within the scope of its employment; the burden then shifts to plaintiff to rebut such certification by a preponderance of the evidence. Bowles v. United States, 685 Fed. App'x 21, 24 (2d Cir. 2017) (citing Wuterich v. Murtha, 562 F.3d 375, 381 (D.C. Cir. 2009)). In the absence of such allegations, "the United States must be substituted as the defendant because the federal employee is absolutely immune from suit." Wuterich, 562 F.3d at 281.

After removal, the United States can replace the named defendant as the allegedly liable party; the case then proceeds as an FTCA suit. 42 U.S.C. § 233(b). 28 U.S.C. § 233(c) provides that "any such civil action or proceeding commenced in a State court shall be removed . . . at any time before trial." (emphasis added).

    2. Administrative Exhaustion

The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for monetary damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.") The exhaustion requirement is

4

jurisdictional and cannot be waived. McNeil v. United States, 508 U.S. 106, 113 (1993); Celestine, 403 F.3d at 82. Furthermore, the exhaustion requirement extends to all suits, including those begun in state court. 28 U.S.C. § 2679(d)(4). However, 28 U.S.C. § 2679(d)(5) gives plaintiffs whose suits are dismissed in federal court for lack of jurisdiction the ability to pursue those administrative remedies that might otherwise have been time-barred, as long as the claim "would have been timely had it been filed on the date the underlying civil action was commenced" and is filed within 60 days of dismissal of the civil action.

III. DISCUSSION

Defendant moves to substitute the United States as defendant and then to dismiss for lack of jurisdiction. Plaintiffs cross-move for remand to state court, claiming that Montefiore has not established its entitlement to removal, and further that it waived its right to removal based on actions it took while the case was pending in state court. Additionally, they argue that the Court should find their failure to file an administrative claim excusable, and move to sever the co-defendants in the event that the Court chooses not to remand. Because the Court finds that removal was proper and that the exhaustion requirement is jurisdictional and cannot be waived, it GRANTS defendant's motion and DENIES plaintiffs'.

A. Removal

When a federally funded public health center is sued in tort, the certification of the Attorney General (or one of his designees) that the health center was acting as a federal employee at the time of the incident is all that is necessary to allow its

5

removal to federal court.  See Celestine, 403 F.3d at 80; 28 U.S.C. § 2679(d)(2).  Furthermore, 28 U.S.C. §233(b) allows the United States to be then substituted as a defendant.  This removal can occur anytime "before trial."  28 U.S.C. § 233(c).

In this case, on March 15, 2018, Geoffrey S. Berman certified that Montefiore was acting within the scope of its employment during the relevant period and the case was removed to federal court prior to trial.  (ECF No. 1-2.)  Plaintiffs argue that defendant has not proffered "proof" that the DeWitt Clinton High School health center was part of the federally funded health network.  However, this argument is unavailing.  As an initial matter, in their pleadings, plaintiffs themselves admit that the school health clinic was owned and operated by Montefiore.  (Compl. ¶ 22.)  In addition, Berman's certification provides all the prima facie proof necessary for removal and substitution; plaintiffs have not done anything to rebut his certification.

Plaintiffs' argument that defendant waived its right to remove the case is also unavailing.  They assert that a defendant who demonstrates a "clear and unequivocal intent" to litigate in state court waives its removal rights.  However, in support, they cite to cases in which the right to removal arises in contexts separate from 28 U.S.C. § 2679(d)(2).  The Court is sympathetic with plaintiffs' frustration in the lengthy duration of the litigation thus far; however, §2679(d)(2)'s language is plain and requires removal only "at any time before trial."  The Court therefore finds that defendant did not waive the right to remove, nor could it.

B. <u>Administrative Exhaustion</u>

The FTCA's requirement that a claimant exhaust all administrative remedies before filing a complaint is clear. 28 U.S.C. § 2675(a). In this case, all parties agree that plaintiffs did not pursue administrative remedies. Plaintiffs instead argue that the Court should "excuse" their failure to do so. But as the FTCA's requirement is jurisdictional and cannot be waived, the Court cannot excuse it.

Under 28 U.S.C. § 2679(d)(5), plaintiffs will have 60 days from dismissal of this action to pursue the appropriate administrative remedies.

C. <u>Remaining Defendants</u>

While plaintiff moves to "sever" the remaining defendants, the Court need not so act. Once Montefiore is dismissed from the case, the Court knows of no basis for federal jurisdiction as to the remaining defendants. As such, it remands them to state court.

IV.     CONCLUSION

For the reasons set forth above, the Court GRANTS defendant Montefiore's motion to substitute and dismiss and DENIES plaintiffs' motion to remand. The Clerk of Court shall terminate the motion at ECF No. 22, which is now moot. It remands the remaining defendants to state court and instructs the Clerk of Court to terminate this action.

SO ORDERED.

Dated:   New York, New York
         May 22, 2018

*[signature]*

KATHERINE B. FORREST
United States District Judge